IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | Civil Action No. 00-2120 |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, | **PROPOSED AMENDED COMPLAINT** |
| and | |
| CAROL D. SCHULL, individually and in her capacity as the Keeper of the National Register of Historic Places, | Filed on Behalf of Plaintiff, Consolidation Coal Company |
| and | |
| ROY BRENDEL and DIANE BRENDEL, | |
| Defendants. | |
| | Counsel for Plaintiff: |
| ROY BRENDEL and DIANE BRENDEL, | |
| Third-Party Plaintiffs, | Joseph A. Katarincic |
| v. | Pa. I.D. No. 11427 |
| | Lauren D. Rushak, Esq. |
| UNITED STATES DEPARTMENT OF INTERIOR, OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, | Pa. I.D. No. 83728 |
| | THORP REED & ARMSTRONG, LLP |
| | One Oxford Centre |
| and | 301 Grant Street, 14th Floor |
| | Pittsburgh, PA 15219 |
| THOMAS F. HOFFMAN, individually and in his official capacity as Vice President, Investor and Public Relations, CONSOL Energy, | (412) 394-2388 |
| Third-Party Defendants. | |



00664816.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSOLIDATION COAL COMPANY, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE | ) | Civil Action No. 00-2120 |
| INTERIOR, NATIONAL PARK SERVICE, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CAROL D. SCHULL, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROY BRENDEL and DIANE BRENDEL. | ) | |
| _____ | ) | |
| | ) | |
| ROY BRENDEL and DIANE BRENDEL, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF INTERIOR, | ) | |
| OFFICE OF SURFACE MINING RECLAMATION | ) | |
| AND ENFORCEMENT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THOMAS F. HOFFMAN. | ) | |

**PROPOSED AMENDED COMPLAINT**

Plaintiff Consolidation Coal Company ("Consol") by its undersigned counsel hereby files the following Amended Complaint and states as follows:

00664816.DOC

## Introductory Statement

1. This civil action is filed to challenge the final agency action of the Department of the Interior, National Park Service, acting through the Keeper of the National Register of Historic Places, to list certain of Defendants Roy and Diane Brendels' property on the National Register of Historic Places ("NRHP") and to enjoin all Defendants from again seeking to list the property, or any other purportedly "historic" structures, on the NRHP, without first affording adequate notice to persons whose property rights might be adversely affected by such listings.

## Parties

2. Plaintiff Consol is a Delaware corporation, with offices at 1800 Washington Road, Allegheny County, Pittsburgh, PA 15241.

3. Defendant Department of the Interior, National Park Service is the agency charged with the responsibility of administering the provisions of the Section 101 of the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470a, which established the NRHP.

4. Defendant Carol D. Shull, is the Keeper of the NRHP ("Keeper"), and the person responsible for administering the provisions of Section 101 of the NPHPA and the regulations and policies of the National Park Service which establish procedures and standards for the listing of structures on the NRHP.

5. Defendants Roy and Diane Brendel are the owners of property located in Greene County, Pennsylvania who requested that certain of their property be listed on the NRHP, and persons who have a direct and substantial interest in the outcome of this civil action.

## Jurisdiction

6. This Court has jurisdiction over Consol's claims pursuant to 28 U.S.C. § 1331, as its claims arise under, and are based on, the laws of the United States.

## Venue

7. This Court has venue over this civil action pursuant to 28 USC § 1391 (e)(l) and (e)(2).

## Factual Allegations

8. Consol operates the Blacksville #2 Mine ("Blacksville"), a bituminous underground coal mine located in Greene County, Pennsylvania pursuant to a permit issued by the Pennsylvania Department of Environmental Protection.

9. Defendants Roy and Diane Brendel ("Brendels") own the surface of certain property located in Greene County, Pennsylvania ("Brendels' Surface Property"). The Brendels' Surface Property consists of the Ernest Thralls House ("Thralls House"), numerous contributing structures, including an apple house, chicken house, horse barn, sheep shed, pig pen, log house, car barn, and storage shed ("Contributing Structures"), and nine acres of property. References to the Brendels' Surface Property herein shall include the foregoing Thralls House and Contributing Structures.

10. Consol owns or controls the right to mine the Pittsburgh Seam of Coal beneath the surface of the Brendels' property, in which the underground workings of Blacksville are located, including the right to mine all the coal in the Pittsburgh Seam that is located therein, together with the common law right to do so without leaving coal in place to support the overlying surface and without liability for any resulting damage to the overlying surface.

11. Under Pennsylvania law, Consol owns a fee simple estate in the Pittsburgh Seam coal estate underlying the surface of the Brendels' property.

12. The Brendels initiated proceedings pursuant to Section 101 of the NHPA and the regulations implementing Section 101 to cause certain of the Brendels' Surface Property to be listed on the NRHP.

- 3 -

00664816.DOC

13. The regulations governing the listing of structures on the NRHP are codified at 36 CFR Part 60, and provide that to be listed on the NRHP a structure must meet one or more of the criteria set forth in 36 CFR § 60.4 ("Listing Criteria").

14. In materials submitted to the Keeper, the Brendels alleged that certain of the Brendels' Surface Property met Criteria C of the Listing Criteria.

15. Consol did not receive prior notice that proceedings had been initiated to cause certain of the Brendels' Surface Property to be listed on the NRHP.

16. On April 13, 1999 the Keeper published a notice in the Federal Register informing the public that she had determined that certain of the Brendels' Surface Property was listed on the NRHP.

17. It is now believed and therefore averred that the property listed on the NRHP includes and/or is being interpreted to include the Thralls House, the Contributing Structures and nine acres of land.

18. The basis for the Keeper's action was that certain of the Brendels' Surface Property purportedly meet Criteria C of the Listing Criteria because of its "Spanish Revival" style.

19. Subsequent to listing certain of the Brendels' Surface Property on the NRHP the Keeper has determined that it is a significant procedural error to list a structure located in Greene County, Pennsylvania on the NRHP without first affording persons like Consol, who own a fee simple interest in mineral beneath the surface of property to be affected by the listing, prior notice of the nomination process.

20. As direct and proximate result of the listing of certain of the Brendels' Surface Property on the NRHP, Consol was threatened with having to modify significantly its planned

and projected mining activities beneath the Brendels' Surface Property and its right to use and enjoy its property rights were adversely affected.

21. In addition, Consol now faces demands for heightened repair costs from the Brendels and otherwise for alleged damages caused by its mining activities under the Brendels' property. Such heightened repair costs are improperly premised on the faulty notion that the Thralls House, the Contributing Structures and nine acres of land are rightly listed on the NRHP and entitled to national historic status.

## COUNT I

### (Review of a Final Agency Action Under the APA)

22. Paragraphs one (1) through twenty (21) above, are hereby incorporated by reference as if set forth herein.

23. The April 13, 1999 action of the Keeper and the National Park Service is a final administrative action subject to review by this Court pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*

24. The April 13, 1999 final action of the Keeper and the National Park Service constituted an abuse of discretion and was contrary to law in that, *inter alia*: (a) the nomination form was deficient; (b) to the extent subject to historic designation, the Brendels' Surface Property is not a good representative of the Spanish Revival architectural style (or any one architectural style); (c) to the extent subject to historic designation, the Brendels' Surface Property lacks specific elements of the Spanish Revival style; (d) to the extent subject to historic designation, the Brendels' Surface Property lacks integrity; and (e) to the extent subject to historic designation, the Brendels' Surface Property does not meet the requirements of Listing Criteria C, under which it was nominated and approved for listing or any other of the Listing Criteria.

- 5 -

00664816.DOC

25. The April 13, 1999 final action of the Keeper and the National Park Service constituted an abuse of discretion and was contrary to law because it was taken without first providing Consol with notice of the nomination process and a meaningful opportunity to comment on an action which would adversely affects its ownership interests.

WHEREFORE, Consol respectfully requests that the final decision of the Keeper and the National Park Service that listed certain of and/or any of the Brendels' Surface Property on the NRHP be vacated and an order entered in its favor directing the Keeper to remove the property from the NRHP.

## COUNT II

### (Challenge to the Listing Procedures)

26. Paragraphs one (1) through twenty-four (25) above, are hereby incorporated by reference as if set forth herein.

27. The current procedures for listing a property on the NRHP fail to provide property owners, whose constitutionally protected State law property interests might be adversely affected by a listing, advance notice of the proposed listing and any meaningful opportunity to comment on and to oppose the listing before it becomes final.

28. Said procedures failed to afford Consol due process of law as guaranteed them by the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Consol respectfully requests that this Court enter a judgment declaring the nomination procedures of the Keeper and the National Park Service to be unconstitutional and to permanently enjoin all Defendants from re-nominating the Brendels' Surface Property, or any other structure or feature in Western Pennsylvania located above the mineral property of others, without first determining all the owners of interests in the property to be affected by a

listing on the NRHP and affording such owners prior notice of the nomination and opportunity to comment.

Dated: *DRAFT*, 2005               Respectfully submitted,

By *DRAFT COMPLAINT*
   Joseph A. Katarincic
   Pa. I.D. No. 11427
   Lauren D. Rushak, Esq.
   Pa. I.D. No. 83728

THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(412) 394-2388