## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONSOLIDATION COAL COMPANY,

     Plaintiff,

  v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, NATIONAL PARK SERVICE,

    and

CAROL D. SCHULL, individually and in her
capacity as the Keeper of the National Register of
Historic Places,

    and

ROY BRENDEL and DIANE BRENDEL,

     Defendants.

_____

ROY BRENDEL and DIANE BRENDEL,

     Third-Party Plaintiffs,

  v.

UNITED STATES DEPARTMENT OF INTERIOR,
OFFICE OF SURFACE MINING RECLAMATION
AND ENFORCEMENT,

    and

THOMAS F. HOFFMAN, individually and in his
official capacity as Vice President, Investor and
Public Relations, CONSOL Energy,

     Third-Party Defendants.


Civil Action No. 00-2120


## MOTION FOR LEAVE OF COURT
## TO FILE AMENDED COMPLAINT


Filed on Behalf of Plaintiff,
Consolidated Coal Company


Counsel for Plaintiff:

Joseph A. Katarincic
Pa. I.D. No. 11427
Lauren D. Rushak, Esq.
Pa. I.D. No. 83728

THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(412) 394-2388

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE | )   Civil Action No. 00-2120 |
| INTERIOR, NATIONAL PARK SERVICE, | ) |
| | ) |
| and | ) |
| | ) |
| CAROL D. SCHULL, | ) |
| | ) |
| and | ) |
| | ) |
| ROY BRENDEL and DIANE BRENDEL. | ) |
| | ) |
| ———————————————— | ) |
| | ) |
| ROY BRENDEL and DIANE BRENDEL, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF INTERIOR, | ) |
| OFFICE OF SURFACE MINING RECLAMATION AND | ) |
| ENFORCEMENT, | ) |
| | ) |
| and | ) |
| | ) |
| THOMAS F. HOFFMAN. | ) |

## MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Consolidation

Coal Company ("Consol") hereby moves for leave of Court to file an Amended Complaint,

stating as follows:

1.   This action arises from a dispute surrounding the listing of certain property on the

National Registry of Historic Places ("NRHP").  Consol requests leave to amend its Complaint

to challenge the listing of additional structures and property in light of recent information indicating that the property subject to historical designation is or may be and/or is being interpreted to be larger than/include more structures than previously believed. Consol's Proposed Amended Complaint is attached hereto as Exhibit 1.

### Factual Background

2.    Consol operates the Blacksville #2 Mine ("Blacksville"), a bituminous coal mine located in Greene County, Pennsylvania pursuant to a permit issued by the Pennsylvania Department of Environmental Protection.

3.    Defendants Roy and Diane Brendel ("Brendels") own the surface of the property in Greene County, Pennsylvania ( "Brendels' Surface Property"). The Brendels' Surface Property consists of the Ernest Thralls House ("Thralls House"), numerous contributing structures and nine acres of land.

4.    Consol owns or controls the right to mine all the coal in the Pittsburgh Seam of Coal beneath the Brendels' Surface Property, in which the underground workings of Blacksville are located.

5.    Consol instituted this action in December 2000 to challenge the final agency decision of the United States Department of the Interior, National Park Service ("National Park Service"), acting through the Keeper of the National Register of Historic Places, which listed the Thralls House on the NRHP.

6.    Consol's Complaint sought to vacate the historical designation of the Thralls House and enjoin the defendants from again seeking to list the Thralls House, or any other purportedly "historic" structures on the Brendels' property, on the NRHP without first affording adequate

notice to persons, like Consol, whose property rights might be adversely affected by such listings.

7.   Numerous pleadings and motions have been filed since the initiation of this action and discovery is ongoing.

8.   By letter dated March 10, 2005, the Brendels submitted to Consol a purported expert report, prepared by A. Richard Glance ("Glance Report"), which indicates that the disputed historical designation applies to the whole of the Brendels' Surface Property and is not limited to the Thralls House.  See David C. Hook Transmittal Letter and Glance Report, Ex.'s 2 & 3, respectively.  The Glance Report defines the Brendels' Surface Property as consisting of the Brendel residence (a.k.a. the Thralls House), along with an apple house, chicken house, horse barn, sheep shed, pig pen, log house, car barn, and storage shed ("Contributing Structures").  The Glance Report's valuation of the Contributing Structures is seemingly based on a heightened valuation of the structures as being historically registered.

9.   Subsequently, on September 21, 2005, Consol received a Damage Estimate Report from the Department of Environmental Protection ("DEP") ("DEP Damage Estimate") which asserted that "the Thralls House, nine (9) contributing structures (including the Apple House), and nine (9) acres of land were placed on the National Register of Historic Places."  See DEP Damage Estimate, Ex. 4, p.2.  The nine "contributing structures" referenced by the DEP appear to include the Contributing Structures identified above and one other unnamed structure.

10. The DEP Damage Estimate sets forth its estimated reasonable cost of repairs for allegedly damaged surface structures on the Brendels' property, allegedly caused by Consol's mining activities thereunder.  Importantly, the DEP Damage Estimate is based upon the DEP's belief and/or interpretation that not only the Thralls House, but also the nine "contributing

00664573.DOC

structures," and nine acres of the Brendels' Surface Property were properly placed on the NRHP and are entitled to historic status. As a result, and as set forth in the DEP Damage Estimate on page 2, such purported status on the NRHP "makes repairs more time consuming and increases some material costs, making the overall repairs more expensive than similar repairs to a conventional "non-listed" house."

### Leave to Amend

11. Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely given" in the absence of undue delay or undue prejudice to the non-moving parties and provided the amendment is not made in bad faith, for a dilatory motive and would not be futile.

12. At the time Consol initiated this action it reasonably believed that only the Thralls House was subject to historical designation. Accordingly, the Complaint specifically challenges only the listing of the Thralls House with the NRHP.

13. In light of the Glance Report and DEP Damage Estimate, however, Consol has recently become aware that the historical designation may apply to and/or may be being improperly interpreted to apply to certain other of the Brendels' Surface Property, including the Thralls House, the Contributing Structures, one unnamed structure and the Brendels' nine acres of land.

14. Accordingly, Consol requests leave to amend its Complaint to challenge, to the extent subject to historical designation, the listing of the Brendels' Surface Property in its entirety, including all of the foregoing incumbent structures and acreage.

15. Defendants will not be surprised or unduly prejudiced by granting Plaintiff the requested relief because all parties have been operating under the presumption that this action intended to challenge all of the Brendels' property registered with the NRHP without prior notice

to Consol.  The proposed amendment merely seeks to accurately reflect the whole of the property purportedly being subject to registration in the NRHP.

16. Moreover, without specifically naming the Brendels' Surface Property, Consol's Complaint previously sought to enjoin the future designation of the Thralls House and "any other purportedly historic structures" without adequate notice to all persons with property rights. Therefore, Defendants are and/or should be aware that Consol intended to challenge the listing of all of the Brendels' historically designated property.  Consol's proposed amendment merely seeks to affirmatively and more specifically assert and clarify the same.

WHEREFORE, Plaintiff respectfully requests that the Court grant it leave to file its Amended Complaint.

Dated:  November  21, 2005                      Respectfully submitted,


By: /s/ Joseph A. Katarincic, Esquire
Joseph A. Katarincic
Pa. I.D. No. 11427
Lauren D. Rushak, Esq.
Pa. I.D. No. 83728

THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(412) 394-2388

00664573.DOC