UNITED STATES DISTRICT COURT
FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL COMPANY | ) |
| Plaintiff, | ) |
| vs. | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE | ) CA No. 00-2120 |
| and | ) JUDGE CINDRICH |
| JANET SNYDER MATTHEWS, individually and in her Capacity as the Keeper of the National Register of Historic Places, | ) Electronically Filed |
| and | ) |
| ROY BRENDEL and DIANE BRENDEL | ) |
| Defendants. | |

**FEDERAL DEFENDANTS' ANSWER
TO THE AMENDED COMPLAINT**

Now come the United States Department of the Interior, National Park Service and Janet

Snyder Matthews,[1] in her Capacity as the Keeper of the National Register of Historic Places,[2]

---

[1] In accordance with Fed. R. Civ. P. 25(d), the current Keeper of the National Register of Historic Places, Janet Snyder Matthews is substituted for Carol D. Shull.

[2] Although the Amended Complaint lists Janet Snyders Matthews individually and in her capacity as the Keeper of the National Register of Historic Places, there are no allegations made against Ms. Matthews in her individual capacity and the relief sought is directed at acts in her

hereinafter referred to as the "Federal Defendants," and answer and assert defenses to the claims and allegations of Plaintiff's Complaint. The numbered paragraphs in this Answer correspond to the numbered paragraphs in Plaintiff's Complaint.

All allegations of the Complaint which are not specifically admitted or otherwise answered are hereby denied.

## Introductory Statement

1.      The allegations of paragraph 1 constitute Plaintiffs' description of this action and legal conclusions, to which no response is required; however, Defendants deny that Plaintiffs are entitled to any of the relief they seek in this action.

## Parties

2.      The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3.      The Federal Defendants admit the allegations set forth in paragraph 3.

4.      The Federal Defendants deny the allegation that Defendant Carol D. Shull is the Keeper of the NRHP and aver that the current Keeper of the NRHP is Janet Snyder Matthews. The remaining allegations set forth in paragraph 4 are admitted.

5.      Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5; however, Federal Defendants aver that the State Historic Preservation Officer certified that Defendants Roy and Diane Brendel are owners of property located in Greene County, Pennsylvania

---

official rather than individual capacity. Also, Ms. Matthews has not been personally served. Therefore, the United States will ask the Court to take judicial notice that this action is only brought against Ms. Matthews in her official capacity.

### Jurisdiction

6. The allegations set forth in paragraph 6 are conclusions of law, to which no responses are required; however, to the extent responses are deemed necessary, the allegations are denied.

### Venue

7. The allegations set forth in paragraph 7 are conclusions of law, to which no responses are required; however, to the extent responses are deemed necessary, the allegations are denied.

### Factual Allegations

8. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9. The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9; however, Federal Defendants aver that the State Historic Preservation Officer certified that Defendants Roy and Diane Brendel are owners of certain property located in Greene County, Pennsylvania.

10. The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. The allegations set forth in paragraph 13 characterize the contents of the referenced Federal regulations, which speak for themselves and are the best evidence of their

contents.

14. The allegations set forth in paragraph 14 characterize materials that were submitted to the Keeper by the State Historic Preservation Officer; which documents speak for themselves and are the best evidence of their content.

15. The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16. The allegations set forth in paragraph 16 characterize the contents of the referenced Federal Register Notice, which speaks for itself and is the best evidence of its contents.

17, The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18. The Federal Defendants admit that certain property described in materials submitted to the Keeper has been entered into the NRHP; those materials speak for themselves and are the best evidence of their content.

19. The Federal Defendants deny the allegations in paragraph 19.

20. The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21. The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

## COUNT I

### (Review of Final Agency Action Under the APA)

22.     The Federal Defendants incorporate by reference their responses to paragraphs 1 through 21 above as if fully set forth herein.

23.     The allegation set forth in paragraph 23 is a conclusion of law to which no response is required; however, to the extent a response is deemed necessary, the allegation is denied.

24.     The allegation set forth in paragraph 24 is a conclusion of law to which no response is required; however, to the extent a response is deemed necessary, the allegation is denied.

25.     The allegation set forth in paragraph 25 is a conclusion of law to which no response is required; however, to the extent a response is deemed necessary, the allegation is denied.

## COUNT II

### (Challenge to the Listing Procedures)

26.     The Federal Defendants incorporate by reference their responses to paragraphs 1 through 25 above as if fully set forth herein.

27.     The allegation set forth in paragraph 27 is a conclusion of law to which no response is required; however, to the extent a response is deemed necessary, the allegation is denied.

28.     The allegation set forth in paragraph 28 is a conclusion of law to which no response is required; however, to the extent a response is deemed necessary, the allegation is

denied.

The allegations set forth in the un-numbered paragraphs following paragraphs 25 and 28 are prayers for relief, to which no responses are required. However, to the extent responses are deemed necessary, the Federal Defendants deny that the Plaintiffs are entitled to the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The issues are not ripe for review by this Court.

## FOURTH AFFIRMATIVE DEFENSE

There has been no final agency action.

WHEREFORE, the Federal Defendants respectfully request that this Court enter an order:

1. Dismissing the Complaint with prejudice;

2. Assessing the costs of this litigation against Plaintiffs; and

3. Granting such other relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of December, 2005.

                              MARY BETH BUCHANAN
                              United States Attorney

                              ALBERT W. SCHOLLART
                              Assistant U.S. Attorney
                              Western District of Pennsylvania
                              700 Grant Street, Suite 4000
                              Pittsburgh, PA 15219

                              SUE ELLEN WOOLDRIDGE
                              Acting Assistant Attorney General
                              Environment & Natural Resources Div.


                                S/ Ruth Ann Storey
                              RUTH ANN STOREY
                              U.S. Department of Justice
                              Environment & Natural Resources Div.
                              General Litigation Section
                              P.O. Box 663
                              Washington, D.C.  20044-0663
                              (202) 305-0493

                              Counsel for Federal Defendants

Of Counsel:

Pamela L. Barkin
Office of the Solicitor
Department of the Interior
1849 C St., N.W.
Washington, D.C.  20240

**CERTIFICATE OF SERVICE**

I certify that on December 22, 2005, a copy of the foregoing Federal Defendants' Answer to the Amended Complaint was served by First Class U.S. Mail on :

>Joseph A. Katarincic
>Thorp, Reed & Armstrong
>One Oxford Center
>310 Grant Street, 14th Floor
>Pittsburgh, PA 15219-1425
>
>David C. Hook
>Hook & Hook
>P.O. Box 792
>Waynesburg, PA 15370

                                                    S/ Ruth Ann Storey