IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, et al. | ) CIVIL ACTION No. 00-2120 |
| Defendants. | ) |
| ROY BRENDEL and DIANE BRENDEL, | ) |
| Third-Party Plaintiffs, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF INTERIOR, OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, et al. | ) |
| Third-Party Defendants. | ) |

DECLARATION OF DAVID C. HOOK IN SUPPORT OF BRENDELS'
MOTION FOR A STAY OF DISCOVERY, PROTECTIVE ORDER AND REQUEST
FOR CONFERENCE WITH THE COURT

I, David C. Hook, counsel for the Defendants-Third Party Plaintiffs Roy and Diane Brendel, make this declaration in support of the Brendels' Motion for a Stay of Discovery. I have personal knowledge of the facts stated below and if called to testify would state such:

1. There is no pretrial schedule in effect or any order governing discovery in this case. Nor has there been any pre-discovery conferrals and report as required by Federal Rules of Civil Procedure 26(f), and Local Rule 16.1.1.B, prior to Plaintiff-Third Party Defendant Consol's

current attempt to unilaterally initiate discovery without compliance with the rules.

     2. There has only been one (1) pretrial conference in this case, and that was a scheduling conference in person with former Judge Robert Cindrich on June 8, 2001. I believe that it would be most beneficial for the Court to hold a new scheduling conference in person sometime in the near future should the pending court-ordered mediation fail. Please see additional details here below for information and insight in support of convening a conference with the Court.

     3. The Third-Party Defendant U.S. Department of Interior, Office of Surface Mining Reclamation and Enforcement ("OSMRE"), has filed a Motion to Dismiss the Brendels' National Historic Preservation Act claims against OSMRE on April 26, 2004. Briefing on that motion is completed. A ruling on that motion and the Brendels' response – including alternatively in that response, a request for leave to amend the Brendels' Third-Party Complaint pursuant to the federal Surface Mining Conservation and Reclamation Act ("SMCRA") – are still pending. The Brendels have filed a Motion to Dismiss all claims of Consolidation Coal Company ("Consol") on February 10, 2006.

     4. On June 1, 2005, the parties received notice from Judge Thomas Hardiman, that this case has been designated by the Chief Judge for mediation and a conference call was scheduled.

     5. On June 22, 2005, counsel for the parties participated in a telephone conference with Judge Hardiman to discuss the parameters for meditation and a tentative date for mediation was set with all necessary parties' and/or their authorized representatives, and their counsel, to attend the mediation in person. It was noted by consensus during that telephone conference that OSMRE was not a necessary party to the mediation, though it may be welcomed to participate if Judge Hardiman so desired. Mediation was thereafter scheduled for July 14, 2005.

**DECLARATION OF DAVID C. HOOK IN SUPPORT OF BRENDELS' MOTION
FOR A STAY OF DISCOVERY**                                                                – 2

6. One of the productive outcomes of that telephone conference was that the essential issues for mediation between Consol and the Brendels were narrowed down to a single issue. Based on that telephone conference there are reasonable expectations that mediation by Judge Hardiman would be successful.

7. Shortly thereafter, I informed Judge Hardiman office that, based on the details discussed at the preliminary telephone conference with Judge Hardiman regarding the Brendels' desire to proceed with mediation, the Brendels requested that mediation be continued. It was impossible for the Brendels to be prepared adequately to mediate in the original timeframe. Mediation was continued generally on July 7, 2005.

8. In the meantime, and to that end, in November, 2005, the Brendels and Consol and their counsel – I for the Brendels, and Mr. Katerincic for Consol – along with the counsel for the Pennsylvania Department of Environmental Protection ("PA DEP") and its Southwest Regional Mining Office representatives, and a senior staff member of the Office of State Representative William DeWeese, met in conference at the PA DEP office in Coal Center, PA, to discuss potential settlement of the issue of the repair of the Brendels' Historic Registry property and/or an administrative order of compensation/repair to be ordered by PA DEP from Consol to the Brendels, based on submission of supplemental information and experts' reports (extensive design and engineering work had been provided previously to the DEP by both the Brendels and Consol). Included in Brendels supplemental submission was data regarding infestation by and the remediation costs for the black mold that has infiltrated the Brendels' historic residence as a result of the subsidence caused by the undermining of the Brendels' property and the ongoing consequential damage from subsidence that their home has suffered.

DECLARATION OF DAVID C. HOOK IN SUPPORT OF BRENDELS' MOTION
FOR A STAY OF DISCOVERY  - 3

9. During December, 2005 the Brendels submitted their supplemental information and reports to PA DEP. On February 1, 2006 the PA DEP issued its administrative compensation order addressing the repair of the Brendels' Historic Registry property.

10. Unexpectedly on Monday November 21, 2005, (after the meeting at the PA DEP office in Coal Center on the previous business day) – and without prior conference with opposing counsel as required by local rule and standard practice in federal court (and without the required representation to the Court that such conference had occurred and the position of the Brendels and the federal defendants as also required by local rule) – Consol filed a Motion to Amend its complaint. That motion was granted on November 25, 2005. The Brendels did not have any opportunity to respond to that surprise motion and the representations made to the Court by Consol's counsel.

11. Immediately thereafter, on December 8, 2005 – again unexpectedly and without prior conference as described above – Consol's counsel sent a Notice of Deposition for Roy and Diane Brendel, along with thirty-one (31) broadly worded and burdensome discovery demands. A reasonable person could conclude under the current circumstances and in light of the imminence of PA DEP issuing its subsidence damage compensation order, that the primary purpose of Consol's unilateral launching of discovery at this time and without compliance with the rules and protocols of this Court is to annoy, harass, retaliate against, or otherwise attempt to intimidate, Diane Brendel and Roy Brendel.

12. The depositions of Diane Brendel was taken on February 8, the deposition of Roy Brendel was taken February 9, 2006. Throughout these depositions, counsel for Consol, Mr. Katarincic attempted and did annoy, harass, intimidate, oppress and retaliate against the Brendels

DECLARATION OF DAVID C. HOOK IN SUPPORT OF BRENDELS' MOTION
FOR A STAY OF DISCOVERY                                                                                          - 4

as follows:

    **1 –** Asked repetitious and redundant questions.  See Diane Brendel Deposition pages 12-14,  15-16, 37, 49, 52, 53-54, 55, 56, 62, 67-68, 76, 77, 97-100 and Roy Brendel deposition pages 60-63 and 66-84 (Relevant excerpts of the depositions of Diane Brendel and Roy Brendel accompany this Declaration and are marked as Exhibits A and B, respectively, and are incorporated herein by this reference.);

    **2 –** Interrupted the witness or counsel.  See Diane Brendel Deposition pages 28, 45 and Roy Brendel Deposition page 32;

    **3 –** Belittled and spoke disrespectfully to the witness and counsel for the witness.  See Diane Brendel Deposition pages 27, 28, 29, 45-46, 55, 57, 74, 76-77, 110-112, 119-123, 127 and Roy Brendel Deposition pages 4, 32, 60-61, 64-65, 84;

    **4 –** Asked deliberately misleading questions which distorted the record.  See Diane Brendel Deposition pages 26-27, 44-45, 93-95 and Roy Brendel Deposition pages 34-38, 56, 59-60;

    **5 –** Attempted to delve into attorney-client matters including the fee arrangement between the Brendels and their counsel.  See Diane Brendel deposition pages116-123;

    **6 –** Improperly, and against the prohibitions expressed and emphasized by the Brendels and their counsel, took possession of family heirloom documents during the deposition and while the Brendels and their counsel were away at lunch.  See Diane Brendel Deposition pages 34 and 88-92;

    **7 –** Attempted too keep possession of said family heirloom documents in contravention to a prior oral agreement and over the specific objection of counsel for Brendels.  See Diane Brendel Deposition pages 123-131.

    13.  Throughout the depositions, Mr. Katarincic  acted in an overly-aggressive, hostile, harassing and disrespectful manner. All of this conduct continued in spite of repeated objections and requests to desist by counsel for the Brendels.

    14.  This willful, rude, offensive, vexatious and inexcusable conduct persisted despite Mr. Katarincic's knowledge that Diane Brendel was under treatment for high blood pressure with prescribed Toprol, rapid heartbeat with Lisinopril, and anxiety with Xanax.  (Mrs. Brendel was

so upset by this treatment that she did not accompany her husband to his deposition the next day.) The conduct of Mr. Katarincic was an inexcusable display of annoying, harassing behavior obviously intended to try to intimidate the Brendels, and appeared retaliatory in its primary motivation.

15. Proceeding with discovery under these circumstances, and so precipitously and so intensely targeted at Mr. and Mrs. Brendel, at this point in the process, and without any order governing discovery, would have a deleterious effect on the pending mediation and would significantly erode the Brendels' faith in the rule of law and the judicial process to which they have been forced to turn to for fairness and justice in trying to restore their home and return to a normal family life in rural Greene County.

16. The Brendels and their counsel also assert that client resources for all the parties, as well as judicial resources, can be preserved and conserved by granting the Brendels' Motion for a Stay of Discovery and by ensuring that the mediation process can be expedited, thereby preserving the genuine probability that the mediation can be successfully accomplished with a mutually agreed resolution to all outstanding claims by all parties.

///
///
///
///
///
///

**DECLARATION OF DAVID C. HOOK IN SUPPORT OF BRENDELS' MOTION FOR A STAY OF DISCOVERY** − 6

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.

Dated this 11th day of February, 2006 at Waynesburg, Pennsylvania.


<u>David C. Hook</u>
David C. Hook

David C. Hook
Pa Bar ID # 27028
P.O. Box 792
Waynesburg, PA 15370
724.627.6146