IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONSOLIDATION COAL COMPANY, )
)
      Plaintiff, )
)
v. )      2:00cv2120
)      Electronic Filing
UNITED STATES DEPARTMENT )
OF THE INTERIOR, NATIONAL )
PARK SERVICE, )
)
      and )
)
CAROL D. SCHULL, individually and )
in her capacity as Keeper of the National )
Register of Historic Places, )
)
      and )
)
ROY and DIANE BRENDEL, )
)
      Defendants. )
_____ )
)
ROY BRENDEL and DIANE )
BRENDEL, )
)
      Third Party Plaintiffs, )
v. )
)
CONSOLIDATION COAL COMPANY, )
NORTHERN WEST VIRGINIA )
REGION, a Delaware corporation )
with a principal place of business in )
West Virginia, )
)
      and )
)
DARREL D. AUCH, individually and )
in his official capacity as Senior Vice )
President for Mining, Consolidation )
Coal Company, Northern West Virginia )
Region, Morgantown, West Virginia, )
)
      and )
)
SHEIRL FLETCHER, individually and )
in his official capacity as Certified )
Professional Geologist, Consolidation )
Coal Company, Northern West Virginia )
Region, Morgantown, West Virginia, )
)
      and )
)

| | |
|---|---|
| **CONSOL ENERGY, a Delaware Corporation,** | ) |
| and | ) |
| **THOMAS F. HOFFMAN, individually and in his official capacity as Vice President, Investor and Public Relations, CONSOL Energy,** | ) |
| and | ) |
| **UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT,** | ) |
| and | ) |
| **PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,** | ) |
| Third Party Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 17 day of February, 2006, upon due consideration of defendant United States Department of the Interior, Office of Surface Mining and Reclamation and Enforcement's ("OSM") Motion to Dismiss the Third Party Complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, GRANTED, and the Brendels' claims against OSM based on the state permit processes are dismissed for failure to state a claim upon which relief can be granted; and

IT FURTHER IS ORDERED that the Brendels' request as Third Party Plaintiffs for Leave to Amend is GRANTED and they may file an amended complaint within 15 business days after this court's final disposition of their recently filed motion to stay.

This action arises from the listing of certain property, referred to as the Thralls House, on the National Register of Historic Places, and Consolidation Coal's mineral rights to coal under that property. The Third-Party Plaintiffs in the case, Roy and Diane Brendel, assert that the OSM

failed to comply with Section 106 of the National Historic Preservation Act, 16 U.S.C. § 470f, and its implementing regulations set forth at 36 C.F.R. § 800. The Brendels also allege that OSM violated their Fifth Amendment Due Process Rights and the Administrative Procedure Act (APA). Before this court is OSM's Motion to Dismiss the Third-Party Complaint.

Roy and Diane Brendel own the surface rights to real property ("Brendels' Surface Property") located in Greene County, Pennsylvania. The Brendels also own the Ernest Thralls House ("Thralls House") located on the Brendels' Surface Property. Plaintiff Consolidation Coal Company ("Consol") alleges that it owns the right to mine all of the coal in the Pittsburgh Seam of Coal, which it alleges runs under the Brendels' Surface Property. The Brendels allege that they own certain seams of coal running under their surface property.

Consol operates the Blacksville #2 mine, a bituminous underground coal mine, under the Brendels' Surface Property. Consol contends that it has the common law right to mine without the need to keep any coal in place to support the surface and without any liability for damages that might result to any surface property as a result of mining.

The Brendels initiated proceedings to have the Thralls House listed on the National Register of Historic Places ("NHRP") pursuant to Section 101 of the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470a. The Brendels argued the Thralls House should be listed on the NRHP because it met Criteria C of the Listing Criteria. On April 13, 1999, Schull published a notice in the Federal Register informing the public that the Thralls House had been listed on the NHRP because it met Criteria C.

On October 27, 2000, Consol filed a complaint in this court against the United States Department of the Interior, National Park Service ("Park Service"); Carol D. Schull, the Keeper of the National Register of Historic Places; and the Brendels, alleging that defendants violated the Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA") and the Fifth and Fourteenth Amendments. Consol seeks to have the Thralls House removed from the NRHP and the parties enjoined from re-nominating the Thralls House or any other property in Western Pennsylvania located above the mineral property of others without ascertaining the property rights of such owners of mineral rights and affording prior notice to them.

On November 16, 2001, after this court granted the Brendels' Motion to Amend Answer and File Third-Party Complaint, the Brendels filed an Amended Answer and Third Party Complaint against OSM, Consol, the Pennsylvania Department of Environmental Protection ("PA DEP") and others. The Brendels filed a Second Amended Answer and Third Party Complaint on November 12, 2002.

On February 11, 2003, the PA DEP employees ("State Defendants") filed a Motion to Dismiss the Third Party Complaint. On May 9, 2003, after the issuance of the United States Court of Appeals for the District of Columbia Circuit's decision in National Mining Association v. Fowler, 324 F.3d 752 (D.C. Cir. 2003), the State Defendants filed a Supplement to Motion to Dismiss the Third Party Complaint raising Fowler in support of their motion to dismiss. On October 15, 2003, this court issued a Memorandum Order granting the State Defendant's Motion to Dismiss the Third Party Complaint on the basis that Fowler held that state permit decisions are not "federally funded" or "federally licensed" and thus not subject to the requirements of Section 106.

Like the Brendels' claims against the State Defendants, we also must dismiss the Brendels' claims against OSM. The Brendels base all of their claims against OSM, including their constitutional claims, on the allegation that OSM, in allowing the PA DEP to issue a coal mining permit revision to Consol, failed to comply with Section 106 of the NHPA, 16 U.S.C. § 470f, and the section's implementing regulations at 36 C.F.R. § 800. In Fowler, the Court of Appeals for the District of Columbia Circuit dismissed a claim against the Advisory Council on Historic Preservation ("ACHP"), in which a non-profit trade organization alleged that the ACHP "exceed[ed] its statutory authority to promulgate regulations 'governing the implementation' of section 106." Fowler, 342 F.3d at 756. The trade organization alleged that the ACHP had exceeded its authority because certain regulations "attach procedural requirements to undertakings 'subject to State or local regulation administered pursuant to a delegation or approval by a Federal agency' . . . ." Id. In reaching this conclusion, the Court noted that "Sheridan Kalorama[Historical Ass'n] v. Christopher, 49 F.3d 750 (D.C. Cir. 1995)] holds that 'section 106 . . . applies by its terms only to federally funded or federally licensed undertakings,"

and not to undertakings that are merely 'subject to State or local regulation administered pursuant to a delegation or approval by a Federal agency.'" Fowler, 324 F.3d at 769 (citing Sheridan Kalorama, 49 F.3d at 755; 36 C.F.R. § 800.16(y)) (Emphasis in original).

The same analysis applies here. The Pennsylvania mining permit decisions were not "federally funded" or "federally licensed" undertakings, but instead were undertakings "subject to State or local regulation administered pursuant to a delegation or approval by a Federal agency." The requirements of section 106 do not apply to such permit decisions and thus the Brendels claims against OSM, all of which are based on the state permit processes, properly are dismissed.

The Brendels alternatively request leave to amend their complaint to include claims against OSM under the federal Surface Mining Conservation and Reclamation Act ("SMCRA"). Absent undue delay or bad faith on the part of the movant, leave to amend a complaint should be granted freely, so long as the amendment would not be futile and the opposing party would not suffer undue prejudice. See Foman v. Davis, 371 U.S. 178, 182 (1962). A motion to amend may be denied on the following grounds: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." Riley v. Taylor, 62 F.3d 86, 90 (3d Cir.1995). (citing *Foman,* 371 U.S. at 182)). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988) (citation omitted).

In the present case, the Brendels seek to allege that OSM has failed to properly act in response to the failure of the PA DEP to comply with the regulations of SMCRA. See, e.g., 30 U.S.C. § 1254. There is no evidence of bad faith, undue delay or undue prejudice to OSM. Furthermore, to the extent the Brendels intend to advance a claim challenging the sufficiency of OSM's oversight of the present program's implementation of federal law and regulations, assessment of such a claim appropriately is reserved until the Brendels have advanced specific

allegations in support of such a claim and the parties have had an opportunity to brief the court based on those concrete allegations. Accordingly, the Brendels may amend their Third-Party Complaint to include claims against OSM under the SMCRA in accordance with the above order.

_____
David Stewart Cercone
United States District Judge

cc:    **Joseph A. Katarincic**
Thorp, Reed & Armstrong
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA 15222-4895
(412) 394-2388
Email: jkatarincic@thorpreed.com

**Thomas C. Reed**
2415 Grant Building
Pittsburgh, PA 15219
(412) 281-5096
Email: treed@dinslaw.com

**Pamela L. Barkin**
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

**Rebecca Ross Haywood**
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
(412) 644-3500
Email: rebecca.haywood@usdoj.gov

**Ruth Ann Storey**
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
General Litigation Section
Washington, DC 20044
(202) 305-0493
Email: ruth.ann.storey@usdoj.gov

**Albert W. Schollaert**
United States Attorney's Office
700 Grant Street
Suite 400
Pittsburgh, PA 15219
(412) 644 6600
Email: albert.schollaert@usdoj.gov

**David C. Hook**
Hook & Hook
189 West High Street
P.O. Box 792
Waynesburg, PA 15370
(724) 627-6146
Email: hookdc@alltel.net

**Michael V. Nixon**
P.O. Box 12539
Pittsburgh, PA 15241
(412) 221-6261

**Steven C. Barcley**
United States Department of Interior
Office of the Solicitor
Three Parkway Center
Suite 385
Pittsburgh, PA 15220
(412) 937-4000