IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | ) |
| Plaintiff, | ) Civil Action No. 00-2120 |
| v. | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, | ) |
| and | ) |
| CAROL D. SCHULL, individually and in her capacity as the Keeper of the National Register of Historic Places, | ) |
| and | ) |
| ROY BRENDEL and DIANE BRENDEL, | ) |
| Defendants. | ) |

TO: Roy Brendel
c/o David C. Hook, Esquire
Hook & Hook
189 West High Street
P. O. Box 792
Waynesburg, PA 15370

### NOTICE OF DEPOSITION OF DEFENDANT ROY BRENDEL

PLEASE TAKE NOTICE that Consolidation Coal Company will take the deposition of Roy Brendel at the offices of <u>Thorp, Reed & Armstrong, LLP, One Oxford Centre, 301 Grant Street, 14th Floor, Pittsburgh, Pennsylvania 15219-1425</u> on Tuesday, January 17, 2006 beginning at 9:30 A.M. The deposition will continue from day-to-day until complete and be taken before a person duly authorized by law to administer oaths who will record the

EXHIBIT 1

00669349.DOC

deposition stenographically. The deposition will be taken for discovery purposes and for all other purposes permitted under the applicable *Federal Rules of Civil Procedure*.

The deponent, Roy Brendel, is directed to produce at his deposition all documents identified in **Exhibit A** hereto.

Dated: December 8, 2005

Respectfully submitted:

*/s/ Joseph A. Katarincic*
Joseph A. Katarincic, Esquire
Pa. I.D. No. 11427
Lauren D. Rushak, Esquire
Pa. I.D. No. 83728
THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(Counsel for Plaintiff,
 Consolidation Coal Company)

## Exhibit A

1. Any and all documents which support Plaintiffs' claim in Paragraph 8 and elsewhere in Plaintiffs' Second Amended Answer, Counterclaims, and Third-Party Complaint (the "Second Amended Answer") that "any permit permitting long wall mining under the Brendel property is invalid for failure to comply with the National Historic Preservation Act, 16 U.S.C. Section 470 et seq."

2. Any and all documents which support Plaintiffs' claim in the Sixth Affirmative Defense of the Second Amended Answer that Plaintiff Consolidation Coal Company's ("Consol") "had actual notice and commented and participated in the Thralls historic property listing process."

3. To the extent not produced in response to number 2, above, any and all documents supporting Plaintiffs' claims in Paragraphs 43, 44, 45 and 50 of the Second Amended Answer.

4. Any and all documents which support Plaintiffs' claim in the Ninth Affirmative Defense of the Second Amended Answer that the "operation of the Blacksville #2 mine beneath the Brendel property was illegal since the permit issued did not comply with the requirements of the National Historic Preservation Act, 16 U.S.C. 470 et seq."

5. Any and all documents supporting Plaintiffs' claim in Paragraph 55 and elsewhere of the Second Amended Answer that Thomas F. Hoffman made and/or caused to be published "false and/or misleading statements" regarding "the Brendels and their historic home, the Thralls House."

6. Any and all documents supporting Plaintiffs' claim in Paragraph 59 and elsewhere of the Second Amended Answer that some of Thomas F. Hoffman's alleged statements "rose to the level of falsely alleging or implying criminal acts (e.g., extortion, fraud) by the Brendels in their negotiations for repairs to their house and property from the damages caused by Consol's undermining of the Brendels' property."

7. Any and all documents supporting Plaintiffs' claim in Paragraph 64 of the Second Amended Answer that Mr. Hoffman's alleged statements caused the Brendels "humiliation and immediate and ongoing harm to their reputations, and caus[ed] emotional distress to the Brendels" and/or, as alleged in Paragraph 66 of the Second Amended Answer, cast the Brendels in a "false light."

8. Any and all documents supporting Plaintiffs' claim in Paragraph 71 of the Second Amended Answer.

9. Any and all documents supporting Plaintiffs' claim in Paragraph 72 of the Second Amended Answer.

10. To the extent not produced in response to the above requests, any and all documents supporting Plaintiffs' claim that Consol submitted false information to the Department of Environmental Protection ("DEP").

11.     Any and all documents supporting Plaintiffs' Nuisance claim in Paragraph 83 of the Second Amended Answer.

12.     Any and all documents supporting Plaintiffs' Negligence claim in Paragraph 84 of the Second Amended Answer.

13.     To the extent not produced in response to the above requests, any and all documents supporting, reflecting, relating to and/or referring to the alleged mine subsidence damages that Plaintiffs' claim Consol's mining caused and/or for which Plaintiffs are claiming as damages / seeking reimbursement from Consol in this action.

14.     Any and all documents supporting Plaintiffs' claim/request in the Second Amended Answer for compensatory damages in excess of $1,800,000 for alleged damage to the Brendels' home, and in excess of $1,200,000 for alleged damage to the Brendels' other buildings and property.

15.     Any and all documents supporting Plaintiffs' claim/request in the Second Amended Answer for compensatory damages in excess of $100,000 for Consol's alleged creation of a nuisance by undermining the Brendels' property.

16.     Any and all documents supporting Plaintiffs' claim/request in the Second Amended Answer for compensatory damages in excess of $100,000 for Consol's alleged creation of a nuisance with the degassification vent being located "so close" to the Brendels' home.

17.     Any and all documents supporting Plaintiffs' claim/request in the Second Amended Answer for compensatory damages in excess of $100,000 for alleged vexation, annoyance, aggravation and inconvenience caused to the Brendels.

18.     Any and all documents supporting Plaintiffs' claim/request in the Second Amended Answer for punitive damages from Consol.

19.     To the extent not produced in response to the above requests, any and all documents supporting, reflecting or relating to the precise damages that Plaintiffs claim are due and owing from Consol in this action.

20.     To the extent not produced in response to the above requests, any and all documents supporting, reflecting or relating to the precise damages that Plaintiffs claim are due and owing from Thomas F. Hoffman in this action.

21.     Any and all documents supporting Plaintiffs' claim that the Ernest Thralls House, any contributing structures (including an apple house, chicken house, horse barn, sheep shed, pig pen, log house, car barn, and storage shed) and/or the nine acres of the Brendels' property are entitled to be listed on the National Register of Historic Places.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF DEPOSITION OF ROY BRENDEL** was served by U.S. First Class Mail, postage prepaid this ___ day of December, 2005, on the following counsel of record:

Rebecca Ross Haywood
United States Attorney's Office
633 United States Post Office and Courthouse
Pittsburgh, PA  15219

Albert W. Schollaert
United States Attorney's Office
633 United States Post Office and Courthouse
Pittsburgh, PA  15219

Steven C. Barcley
United States Department of the Interior
Office of the Solicitor
Three Parkway Center, Suite 385
Pittsburgh, PA  15220

Ruth Ann Storey
United States Department of Justice
Environmental & Natural Resources Division
P. O. Box 663
General Litigation Section
Washington, DC  20044

Pamela L. Barkin
United States Department of the Interior
1849 C Street, NW
Washington, DC  20240

David C. Hook
Hook & Hook
189 West High Street
P. O. Box 792
Waynesburg, PA  15370

00669349.DOC

Henry Ingram
Thomas C. Reed
Dinsmore & Shohl
330 Grant Street
Suite 2415, Grant Building
Pittsburgh, PA  15219

Michael V. Nixon
P. O. Box 12539
Pittsburgh, PA  15241

*[signature]*