**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, et al. | ) CIVIL ACTION No. 00-2120 |
| Defendants. | ) |
| ROY BRENDEL and DIANE BRENDEL, | ) |
| Third-Party Plaintiffs, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF INTERIOR, OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, et al. | ) |
| Third-Party Defendants. | ) |

**BRENDELS' RESPONSE TO CONSOLIDATION COAL COMPANY'S MOTION FOR
COURT ORDER, FOR SANCTIONS AND CONTEMPT**

AND NOW, COME, Roy and Diane Brendel, by their attorney, David C. Hook, Esquire and make the following response to the Motion (Documents 111 and 112) filed by Consolidation Coal Company ("Consol"). It is requested that the Court reference Brendel documents 103, 104 and 106 which address the issues of discovery from the Brendels' perspective and these documents are incorporated by reference. Also it is requested that the Court review the Roy Brendel Deposition and the Diane Brendel Deposition in their entirety.

1. There is no case management order in effect. This case is in the pleadings stage,

Consol recently filing an Amended Complaint and the Brendels' filling a Motion to Dismiss the same.  There is no pretrial schedule in effect or any order governing discovery in this case.  Nor has there been any pre-discovery conferrals and report as required by Federal Rules of Civil Procedure 26(f), and Local Rule 16.1.1.B, prior to Plaintiff-Third Party Defendant Consol's current attempt to unilaterally initiate discovery without compliance with the rules. The Brendels, nevertheless attempted to accommodate Consol's unilateral and unannounced initiation of discovery.

     2.  There has only been one (1) pretrial conference in this case, and that was a scheduling conference in person with former Judge Robert Cindrich on June 8, of 2001.  From that point forward Consol did **absolutely nothing in this case.**  Nevertheless, Consol has attempted to unilaterally initiate discovery without a conference, without consultation with counsel and on an unreasonably short notice.

     3. The Third-Party Defendant U.S. Department of Interior, Office of Surface Mining Reclamation and Enforcement ("OSMRE"), has been granted. However, the Order permits the Brendels to file an amended complaint against the OSMRE. The Brendels are preparing such an amended complaint.

     4.  Unexpectedly, on November 21, 2005,(after a meeting at the PA DEP office in Coal Center wherein it became clear that the DEP would shortly issue an Order directing Consol to initiate long overdue  repairs on the Brendel historic structures) – and without prior conference with opposing counsel – Consol filed a Motion to Amend its complaint.

     5.  On December 8, 2005 – again unexpectedly and without prior conference  – Consol's counsel sent a Notice of Deposition for Roy and Diane Brendel, along with thirty-one (31)

broadly worded and burdensome discovery demands. On January 5 Consol filed numerous additional broadly worded and burdensome discovery demands. A reasonable person could conclude under the current circumstances and in light of the imminent Order from the PA DEP to initiate and complete the subsidence damage repair, that the primary purpose of Consol's unilateral launching of discovery at this time and without compliance with the rules and protocols of this Court is to annoy, harrass, retailiate against, or otherwise attempt to intimidate, Mr. and Mrs. Brendel. Nevertheless, the Brendels and their counsel worked exhaustively to gather seven (7) large boxes of responsive documents, which were all the responsive documents in the Brendels' possession. This task was completed shortly before the deposition date and was onerous, as the Brendels live in chaos because their historic home remains un-repaired and largely uninhabitable because of Consol's refusal to repair it to National Historic Standards.

    6. Because many of these documents were family heirlooms (including original plans, drawings, photographs, architectural details, product descriptions etc. related to the construction of the historic structures) which were irreplaceable and difficult to copy, it was requested that the documents be examined in the presence of a Brendel representative, marked for copying and then the Brendels would obtain copies at Consol's expense. This was verbally agreed upon prior to the deposition between counsel. Consol abrogated this agreement, attempting to take possession of the documents at the deposition. And Mr. Katarincic, in disregard of the specific request to not disturb the documents while the Brendels and their counsel were at lunch, took possession of the documents and went through them while the parties were out of the room.

    7. The depositions of the Brendels' were taken on February 8 and 9, 2006. Consol's Mr. Katarincic generally acted in an aggressive, hostile, harrassing and disrespectful manner. All

of this conduct continued inspite of repeated objections and requests to desist by counsel for the Brendels. (For specific examples see attachments to Document 102 and the analysis provided in Document 102.) And all of this conduct persisted inspite of Mr. Katarincic's knowledge that Diane Brendel was being treated for high blood pressure with prescribed Toprol, rapid heartbeat with Lisinopril, and anxiety with Xanax.  The conduct of Mr. Katarincic annoyed, harassed and intimidated the Brendels and seemed retaliatory in motivation.

8. Proceeding with discovery under these circumstances, and so precipitously and so intensely targeted at Mr. And Mrs. Brendel, at this point in the process, and without any order governing discovery, would have a deleterious effect on the pending mediation and would significantly erode the Brendels' faith in the rule of law and the judicial process to which they have been forced to turn to for fairness and justice in trying to restore their home and return to a normal family life in rural Greene County.

9. The Brendels and their counsel also assert that client resources for all the parties, as well as judicial resources, can be preserved by granting the Brendels' Motion for a Stay of Discovery, permit Consol to Answer the Motion to Dismiss, holding a conference with counsel, issuing a case management order, invoking the mediation process and otherwise ensuring the proper and orderly conduct of this case.

10. Consol should be ordered to cease its unilateral attempt to initiate discovery (after five years of doing nothing) and should be ordered to agree to a protocol for examining the Brendel documents that satisfies the Brendels' reasonable desire to protect their family heirlooms.  The Brendels filed a suggested Order at document 104, at it is incorporated by reference.

11.  Contrary to the Certification of Counsel attached to Consol's Motion, dated February dated February 22, 2006 and signed by Joseph A. Katarincic, Esquire, since Ferbruary 9, 2006 when Mr. Katarincic cancelled the deposition of Roy Brendel, **Mr. Katarincic has made absolutely no effort to resolve the discovery matters at hand, or any other matter. There has been no contact made.**

Dated: March 4, 2006                                         _____
                                                             David C. Hook

                                                             David C. Hook
                                                             Pa Bar ID # 27028
                                                             P.O. Box 792
                                                             Waynesburg, PA 15370
                                                             724.627.6146