IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, | Civil Action No. 00-2120 |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, NATIONAL PARK SERVICE, | **RESPONSE TO DEFENDANTS' MOTION FOR STAY OF DISCOVERY, PROTECTIVE ORDER AND REQUEST FOR CONFERENCE CALL** |
| and | |
| JANET SNYDER MATHEWS, individually and in her capacity as the Keeper of the National Register of Historic Places, | Filed on Behalf of Plaintiff, Consolidation Coal Company |
| and | |
| ROY BRENDEL and DIANE BRENDEL, | |
| Defendants. | |

Counsel for Plaintiff:

Joseph A. Katarincic
Pa. I.D. No. 11427
Lauren D. Rushak
Pa. I.D. No. 83728
Kerri L. Coriston
Pa.I.D. No. 89838

THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
(412) 394-2388

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSOLIDATION COAL COMPANY, )<br>)<br>v.                                                                      )<br>)<br>UNITED STATES DEPARTMENT OF THE )<br>INTERIOR, NATIONAL PARK SERVICE,    )<br>)<br>and                                                                  )<br>)<br>JANET SNYDER MATHEWS, individually and in )<br>her capacity as the Keeper of the National Register of )<br>Historic Places,                                            )<br>)<br>and                                                                  )<br>)<br>ROY BRENDEL and DIANE BRENDEL.   ) | Civil Action No. 00-2120 |

**RESPONSE TO DEFENDANTS' MOTION FOR STAY OF DISCOVERY,
PROTECTIVE ORDER AND REQUEST FOR CONFERENCE CALL**

Plaintiff Consolidation Coal Company ("Consol"), by undersigned counsel, files this Response to the Motion for Stay of Discovery, Protective Order and Request for Conference Call filed by Defendants Roy and Diane Brendel (the "Brendels") ("Motion for Stay") and Declaration of David C. Hook filed in Support thereof ("Declaration of Hook"):

*Introduction*

1.      At the outset it is important to note that Consol is not now nor has it ever been opposed to mediation in this case. In fact, Consol was fully prepared to participate in the mediation scheduled by this Court for July 14, 2005. See Order of Court Setting Settlement Conference, attached as **Exhibit A**. To this end, Consol went so far as to prepare a Confidential Mediation Statement to submit to the Court.

00693738.DOC

2. However, Consol's expectations that the parties would engage in meaningful discussions regarding an amicable resolution of this case were thwarted when, without warning and on the eve of the scheduled mediation, the Brendels' counsel, Mr. Hook, abruptly cancelled the mediation. See, e.g., Docket Entry by the Court, **Exhibit B**. As far as Consol is aware, the only explanation provided to the Court at the time for Mr. Hook's sudden about face was that the Brendels were not interested in mediating their claims at that time.

3. Subsequently, on November 18, 2005, Consol and the Brendels engaged in mediation at the request of and by the Pennsylvania Department of Environmental Protection ("DEP"). This mediation was ordered in response to a formal claim initiated by Mr. Hook against Consol which sought monetary compensation for alleged damage to the Brendels' property. When Consol made its final offer of settlement at the mediation—an offer which was incidentally many times the appraised valuation of their property immediately prior to mining—the Brendels flatly rejected it.

4. In light of the Brendels' cancellation of this Court's mediation and rejection of Consol's final settlement offer at the DEP mediation, Consol thereafter, appropriately and within its rights, proceeded with discovery as though the case were proceeding to trial. It is now disingenuous of the Brendels to use their failure to follow through with the previously scheduled mediation and rejection of settlement as the basis for their Motion to Stay.

5. In reality, the basis for the Brendels' counsel's present request to stop discovery and again begin mediation is simple. On February 1, 2006, shortly before the deposition of Ms. Brendel, the DEP issued a detailed repair order (in lieu of a straight money damages award)

00693738.DOC

which would result in Consol directly overseeing the repair process.  See DEP Order, **Exhibit C**.[1]

6.  Because no cash settlement would be made, the repair order would not have left any significant cash to pay counsel fees to Mr. Hook.  Faced with the repair order and indications from Ms. Brendel that she would not pay any legal fees to Mr. Hook if the repair order went forward, Mr. Hook decided to now go back to the mediation process he had previously rejected.  See Dep. of Diane Brendel, p. 101 [**Exhibit E**].

7.  Mr. Hook is plainly motivated by a desire to now at all costs and under any and all circumstances move from the repair order to some cash settlement which would inure to his benefit because of his contingent fee arrangements with the Brendels.  The above is set forth simply to explain the sudden change in position of Mr. Hook and his present improper attempt to attribute this change to the conduct of Consol's counsel.  In essence, Mr. Hook is relying on this Court to stop discovery and engage in settlement discussions in order to at least recoup the approximately $42,000 in fees and costs he has spent so far in this case.  See Dep. of Diane Brendel, p. 99 [Ex. E].  Indeed, Mr. Hook is now gambling that the federal court system will award a cash settlement where the state administrative system has refused.

8.  In light of Consol's willingness to participate and actual participation in mediation and ongoing observance of this Court's judicial process, the Brendels' Motion for Stay is improper.

---

[1] By letter dated March 8, 2006, Consol started to implement the DEP's repair order by requesting input from the Brendels as to their choice for a Project Manager.  See Letter from Consol to the Brendels, **Exhibit D.**  Consol intends to implement the Order notwithstanding the Brendels' recent filing of an appeal with the Environmental Hearing Board.  Consol firmly believes the repair cost will be significantly less than the amount it offered the Brendels by final offer in 2005.

### *The Brendels' Request For A Stay of Discovery and Entry of a Protective Order is Inappropriate and Unwarranted*

9. While the caption of the Motion for Stay states that the Brendels are seeking a "Protective Order," neither the motion itself nor the Declaration of Hook accompanying the motion requests or refers to a protective order. Similarly, the proposed Order to the Motion for Stay does not contain a request for a protective order. Without more information, Consol is unable to ascertain either the scope or propriety of any requested protective order. Therefore, to the extent the Brendels are requesting a protective order, such request should be denied for this fundamental reason.

10. Moreover, a stay of discovery is entirely unwarranted and has no basis in the law. For one, the Brendels' counsel has never discussed the subject of the Motion for Stay with opposing counsel in an effort to reach agreement, and the motion contains no discovery dispute certification – all of which are required by Local Rule 37.1.

11. These procedural errors notwithstanding, the Brendels' stated basis for their request is the nonsensical proposition that discovery would have a "deleterious effect" on any mediation. See Declaration of Hook, ¶ 15. However, one of the essential purposes of discovery is to fully inform the parties so that a just and equitable resolution may be had. Here, the Brendels are in essence asserting that if Consol had full knowledge of the facts (as ascertained through proper discovery), it would be less inclined to mediate. This obviously leads Consol to wonder what the Brendels' counsel does not want Consol to see prior to mediation and any potential settlement of this case.

4

12. Further, there exists no sound basis for asserting that discovery at this time is improper under Rule 26(f) of the Federal Rules of Civil Procedure or Local Rule 16.1.1(B).[2] Local Rule 16.1.1 has no application because it simply does not prohibit discovery prior to a scheduling conference. Rule 26 does not prevent discovery in this case because the discovery deferment provision of Rule 26(d) was not adopted by this Court until after the present case was filed on October 27, 2000. See e.g., Implementation of Disclosure in Federal Courts, Federal Judicial Center (March 30, 1998), p. 24 [excerpts of which are attached as **Exhibit F**].[3] The requirements imposed by Rule 26(d) became operative for the first time in the Western District on December 1, 2000, with the Supreme Court's Order that Rule 26 would no longer be discretionary. See Order of the Supreme Court Adopting and Amending Rules of April 17, 2000. The Supreme Court specifically stated that the mandatory implementation of Rule 26 effects only cases commenced after December 1, 2000. Id. This case preceded the adoption of Rule 26(d) and is not governed by the timing of discovery provision.

13. However, even if Rule 26 did apply, Consol would still be entitled to proceed with discovery. At the time Consol noticed the depositions of the Brendels and requested the production of certain documents they had never indicated that they were opposed to proceeding with discovery. The Brendels' actions in appearing for their depositions and ostensibly compiling the documents requested of them (although Consol has still not been given appropriate access to these documents) certainly constitutes at least implicit consent to proceed with

---

[2] While the Brendels generally assert in the Motion for Stay that Consol's discovery violates the "standard practice in federal court" and the requirements of the local rules, the Brendels for the first time asserted purported violations of specific rules in their recent Response to Motion to Compel.

[3] The full article is located at www.fjc.gov/public/pdf.nsf/lookup/FRCP2698.pdf/$File/FRCP2698.pdf.

00693738.DOC

discovery— if not express consent— as required by Rule 26(d) in order for a party to proceed with discovery. In addition to being proper under the Court's rules, this case has been pending in excess of five years during which time the parties have freely engaged in discussions regarding their respective claims and the Brendels have repeatedly made demands directly to Consol for relief. Hence, it would be redundant and a waste of time and resources to now compel the parties to behave as though this action were only recently initiated, particularly in light of the fact that the Brendels have proceeded with mediation of their claims.

14. Additionally, as more fully detailed in the Motion for a Court Order Compelling Production of Documents and Requiring Appearance at Deposition and for Sanctions and for Contempt ("Motion to Compel"), filed by Consol on February 22, 2006 and which is incorporated in full by reference herein, it was the Brendels' counsel's conduct during the depositions of the Brendels that was wholly unjustified -- not Consol's. Among other inappropriate and disruptive behavior, Mr. Hook:

- refused to allow inspection and copying of documents which were properly requested by Consol at the depositions;[4]

- abruptly terminated the deposition of Diane Brendel; and

- inappropriately instructed Roy Brendel not to answer highly relevant questioning, ultimately forcing Consol to prematurely terminate the deposition.

15. Indeed, Mr. Hook's disruptive behavior is ironically evidenced by the very deposition excerpts the Brendels have attached to the Motion to Stay. Further evidenced by

---

[4] Contrary to Mr. Hook's present assertion, there was never any "prior oral agreement" between the parties with respect to inspection and copying of the requested documents. To the contrary, as explained fully in the Motion to Compel, Mr. Hook never responded, orally or otherwise, to Consol's request to review and copy the documents a week prior to the depositions of the Brendels. There simply was no agreement between counsel regarding treatment of these documents reached prior to the scheduled depositions.

6

these deposition excerpts (as well as the deposition excerpts attached to the Motion to Compel) is that there is absolutely no basis to any of the allegations about Consol's counsels' conduct at the depositions.

16. Mr. Hook's assertion that the documents requested of the Brendels by Consol were so burdensome as to be intended to "annoy, harass, retaliate against, or otherwise attempt to intimidate" the Brendels is also completely unfounded. Declaration of Hook, ¶ 12. Mr. Hook <u>never</u> objected (and still has never properly objected) to the discovery requests when served. In fact, as set forth in the Motion to Compel, the Brendels purportedly compiled all of the requested documents and presented them at the deposition of Diane Brendel (Mr. Hook, however, proceeded to frustrate any attempt by Consol to review these documents and Consol is still not in possession of copies of the documents). If the requests were truly as burdensome as counsel now claims, the Brendels certainly never indicated so when Diane Brendel appeared at her deposition purporting to have in her possession the requested documents.

17. Additionally, Mr. Hook's assertion that the documents requested constituted "family heirloom documents" is wrong and nonetheless does not justify prohibiting access to such documents. Declaration of Hook, ¶ 12(6)-(7). The legal definition of an "heirloom" is "an item of personal property that . . . descends to the heir along with the inheritance . . ." Black's Law Dictionary (7th ed.), p. 729. None of the requested documents fit within this definition. When Consol reviewed the compiled documents at Ms. Brendels' deposition, it uncovered certain videotapes, photos and various contracts for repair. There was approximately one folder of documents which were printed on tissue paper, which, while delicate, could have easily been copied. Even if the requested documents were "heirlooms," they are not exempted from the normal discovery process. Obviously documents requested from an individual may be personal

7

in nature. However, if the Court had intended to treat such documents differently it would have set forth special rules. It has not. Consol is entitled to access these purported "heirlooms" as it would any other discoverable documents.

18. Finally, there is simply no basis in the law for a stay of discovery in order to-- as the Brendels' claim-- preserve a party's "faith in the rule of law and the judicial processes." Declaration of Hook, ¶ 15. Discovery is in reality at the very core of the rule and law and this Court's processes. Moreover, Consol has only ever properly requested that to which it is entitled under the Federal Rules of Civil Procedure. The Brendels have provided this Court with no sound basis for staying discovery and this request should be denied.

### ***Consol Consents to a Conference With the Court and Would Consent to Participation in Mediation***

19. Consol remains willing to participate in a mediation of this case. However, given the Brendels' counsel's abrupt cancellation of the Court-scheduled mediation, rejection of Consol's final offer at mediation and improper conduct at the Brendels' depositions, Consol has well-founded, serious doubts as to the Brendels' willingness to engage in any meaningful mediation session. Nevertheless, Consol continues to stand willing to participate in mediation and consents to engage in a conference call with the Court for purposes of effectuating such mediation.

20. However, Consol's willingness to participate in mediation should <u>not</u> be read as a waiver of any of its rights to discovery. Consol seeks only what it is entitled to, i.e., to have full knowledge of the facts before participating in the mediation of its claims.

WHEREFORE, for the foregoing reasons, Plaintiff, Consolidation Coal Company, respectfully requests that the Court deny Defendants' request for a stay of discovery and a protective order, but consents to participate in a conference call with the Court and all parties.

Dated:  March 15, 2006

Respectfully Submitted,

*/s/ Joseph A. Katarincic, Esquire*
Joseph A. Katarincic, Esquire
PA ID No. 11427

Lauren D. Rushak, Esquire
PA ID No. 83728

Kerri L. Coriston, Esquire
PA ID No. 89838

Thorp Reed &Armstrong, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425

Attorneys for Plaintiff
Consolidation Coal Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Response to Defendants' Motion for Stay of Discovery, Protective Order and Request for Conference Call** has been served by Notice of Electronic Filing pursuant to local rule of Court upon all counsel of record.

/s/ *Joseph A. Katarincic, Esquire*