

United States Department of the Interior

NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240

IN REPLY REFER TO:
H32(2280)

MAR 1 3 2000

Mr. Thomas C. Reed
Mr. Henry Ingram
Reed Smith Shaw & McClay LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219-1886

Dear Mr. Reed and Mr. Ingram:

Your petition, on behalf of Pennsylvania Land Holdings Corporation and its affiliate, RAG Emerald Resources Corporation, to remove the Thomas Kent, Jr., Farm, Greene County, Pennsylvania, from the National Register of Historic Places has been forwarded to the National Register by the Pennsylvania State Historic Preservation Officer. This petition (hereafter referred to as the Petition to Remove) has been submitted pursuant to Federal regulations 36 CFR 60.15.

The Thomas Kent, Jr., Farm was listed in the National Register of Historic Places on May 22, 1998, for its historic and architectural significance. Pursuant to Federal regulation 36 CFR 60.15, grounds for removing properties from the National Register are as follows: (1) the property has ceased to meet the criteria for listing in the National Register because the qualities which caused it to be originally listed have been lost or destroyed, or such qualities were lost subsequent to nomination and prior to listing; (2) additional information shows that the property does not meet the National Register criteria for evaluation; (3) error in professional judgement as to whether the property meets the criteria for evaluation; or (4) prejudicial procedural error in the nomination or listing process.

The Petition to Remove the Thomas Kent, Jr., Farm from the National Register asserts that the property should be removed from the National Register on three grounds: (1) the property does not meet the National Register Criteria for Evaluation; (2) there were errors in professional judgement made in the nomination submission and the review process; and (3) there were procedural errors in the nomination process because alleged owners of the Thomas Kent, Jr. Farm were not notified of the nomination in accordance with the procedures of 36 CFR Part 60. Allegation #1 in the Petition to Remove corresponds to section 60.15(a)(2), allegation #2 corresponds to 60.15(a)(3), and allegation #3 corresponds to 60.15(a)(4).

After carefully reviewing all documentation submitted as part of this process including without limitation, the Petition to Remove, the response of the owners of the Kent Farm to the Petition to

EXHIBIT
B

Remove, the opinion of the Pennsylvania State Historic Preservation Officer and the Pennsylvania State Historic Preservation Review Board, and letters from the Greene County Board of Commissioners, the Greene County Historical Society, and the Pennsylvania Coal Association, I have determined that the Thomas Kent, Jr. Farm should be removed from the National Register pursuant to 36 CFR 60.15(a)(4) only. However, as discussed more fully below, grounds do not exist to remove the Thomas Kent, Jr. Farm from the National Register pursuant to 36 CFR 60.15(a)(2) or (a)(3). Therefore, the Thomas Kent, Jr. Farm is removed from the National Register in accordance with 36 CFR 60.15 effective March 11, 2000.

A National Register of Historic Places registration form for the Thomas Kent, Jr., Farm was prepared in January, 1998 and submitted to the Pennsylvania State Historic Preservation Officer. The registration form was reviewed by the Pennsylvania State Historic Preservation Review Board, an appointed body of experts in the history, prehistory and architecture of Pennsylvania. The review board unanimously voted that the Thomas Kent, Jr., Farm met the National Register of Historic Places Criteria for Evaluation for its local historic and architectural importance and recommended that the State Historic Preservation Officer forward the nomination to the National Park Service for listing in the National Register. The State Historic Preservation Officer concurred with the review board, signed the nomination on March 11, 1998, and submitted it for listing in the National Register. At the National Register, the form was reviewed and it was determined that the Thomas Kent, Jr., Farm meets National Register Criterion A for its historic association with mid-19th to early 20th century agricultural practices in Greene County, Pennsylvania, and National Register Criterion C for architecture as a good local example of the typical mid 19th/early 20th century farmstead in its agricultural setting, with main farm house and associated outbuildings. Based upon its local historic and architectural importance the Thomas Kent, Jr., Farm was listed in the National Register of Historic Places on May 22, 1998.

The Petition to Remove maintains that the Thomas Kent, Jr., Farm does not meet the National Register Criteria for Evaluation and that there were errors of professional judgement made by the preparer of the nomination. These assertions are detailed in six sections of the Petition to Remove (found on pages 15-22 of the Petition to Remove). In support of these allegations, the Petition to Remove included additional information, in the form of a report prepared by Dr. Janet Friedman (hereafter referred to as the Friedman Report). The following addresses the six points raised in the Petition to Remove in the order in which they were presented.

First, the Petition to Remove maintains that the integrity of the farm has been lost due to substantial alterations over time. Pages 2 and 3 of the Friedman Report list a number of changes to the main house, the corn crib, the tractor shed, and a shed behind the house. The primary changes to the main house included the enclosing of a rear back porch, the addition of a sun room on the side of the house, the conversion of an unfinished room on the second floor to a bathroom, the replacement of the original roof shingles, the addition of a closet in the nest room, repair of the front porch, and repair of some interior plaster. The outbuildings were repaired, and a new roof placed on the tractor shed.

The changes noted above have not destroyed the historic integrity of the Thomas Kent, Jr., Farm, and are not justifiable grounds for removing the property from the National Register. Nearly all

properties change some over time. Only a few historic buildings, usually house museums, have not been altered to some extent. The alterations enumerated in the Friedman Report are minimally intrusive and were undertaken to either update the buildings for modern use, or to repair or replace deteriorated original materials. The buildings and structures at the Thomas Kent, Jr., Farm retain their overall integrity of location, design, setting, materials, workmanship, feeling and association, the seven characteristics which define historic integrity. The most altered building, referred to in the Friedman Report as the shed behind the house, is categorized as a noncontributing building in the National Register registration form for the Thomas Kent, Jr., Farm.

Second, the Petition to Remove asserts that the Thomas Kent, Jr., Farm does not meet National Register Criterion A because it does not have an important association with the agricultural history of Greene County. The Friedman Report claims that the important agricultural event or activity in Greene County during the period of significance of the Kent Farm was the importation and breeding of merino sheep, and that there is no evidence that merino sheep were raised on the Kent Farm (Friedman Report, p.5).

As described in the registration form and additional information supplied by the Pennsylvania State Historic Preservation Office (the Pennsylvania Historical Commission), subsistence farming and sheep grazing were important agricultural practices in southwestern Pennsylvania, particularly in Greene and Washington counties, during the 19th century. Additionally, the raising of sheep in the State in the late 19th century was not based exclusively on merino sheep wool production. The Thomas Kent, Jr., Farm has been demonstrated in the nomination form as having direct association with these locally important historical agricultural patterns and that this historic trend made a significant contribution to the local community. I thereby confirm the finding that the Thomas Kent, Jr. Farm, meets National Register Criterion A for its local historic importance.

Third, the Petition to Remove maintains that the Thomas Kent, Jr., Farm does not meet National Register Criterion C and is not an outstanding example of Greek Revival architecture. The Friedman Report asserts that there is nothing unique or important about the architecture of the farmhouse at the Kent Farm, and that it is a typical farmhouse of the period. The report asserts that the addition of sunroom and enclosing of the rear porch have destroyed the floor plan and massing of the farmhouse. The report additionally claims that a primary characteristic of the Greek Revival style of architecture is the shift in focus from the long side of the house to the short gabled end, which faces the street, and that this orientation is not present in the Kent farmhouse. The report then asserts that there are few characteristics of the Greek Revival style on the building's exterior and interior.

In order to be listed in the National Register under Criterion C for architectural importance, a building does not need to be an outstanding or unique example of an architectural style. A building can qualify if it embodies the distinctive characteristics of a type, period, or method of construction. The Thomas Kent, Jr., Farm is architecturally significant as an intact farmstead dating from the second half of the 19th century and into the 20th century, with associated outbuildings and substantial acreage associated with the original farm. The farmhouse is a

significant local example of the Greek Revival style of architecture. Greek Revival was the dominant domestic architectural style in America from about 1830 until 1870. The style followed the settlers as they moved West across the country, eventually reaching California. The colonnaded Greek Revival mansion has come in popular culture to represent the Old South. But most examples of the Greek Revival style were not built by trained architects, and do not contain all of the attributes of the fewer high-style examples, which were generally built in sophisticated urban centers or in rural areas by wealthy planters. Most examples of the Greek Revival style domestic architecture were vernacular interpretations of the style constructed by skilled carpenter-builders following guidebooks. The Thomas Kent, Jr., Farm is architecturally significant as a good vernacular interpretation exhibiting the distinctive characteristics of this important national architectural style.

The Friedman Report's assertion that a characteristic of Greek Revival houses is the presence of a short gable end which faces the street is true for only one of the principal subtypes of the Greek Revival style. One of the main guidebooks to identifying American domestic architecture is Virginia and Lee McAlester's, *A Field Guide to American Houses* (copyright 1984). In their chapter on Greek Revival houses, the style is divided into six principal subtypes, one of which is the front-gabled roof. Three of the subtypes have the front entrance centered in the long facade, as does the Thomas Kent, Jr., Farm.

The Thomas Kent, Jr., Farm, a 2 1/2 story, 5-bay, single-pile brick house with interior end chimneys and a rear ell, exhibits many of the distinctive characteristics of this type and period of construction of farm houses. Its low pitched gable roof, stone lintels, six-over-six pane glazing in the windows, the rectangular tripartite window on the second floor, its elaborate tripartite front doorway, surrounded on its sides and top by a narrow band of rectangular panels of glass held in a delicate frame, and the entire doorway encased in a decorative frame, are all exterior features typical of Greek Revival style residences. On the interior, the broad, flat moldings found throughout the house, the flat pilasters on the extant fireplace mantels, the six-paneled door panels, and simple turned balusters on the stair, all are features typically found inside Greek Revival style houses. The building's essential floorplan is intact; the alterations to the second floor rear porch simply enclosed an existing porch, while the sunroom was built on a previously existing porch. I hereby confirm that the Thomas Kent, Jr., Farm meets National Register Criterion C for its local architectural importance.

Fourth, the Petition to Remove asserts that the nomination failed to properly demonstrate the significance of the Thomas Kent, Jr., Farm within a historic context. I concur with the opinion of the State Historic Preservation Officer and the State Historic Preservation Review Board that the registration form provides sufficient contextual information for both the agricultural trends and general architectural developments in the region to evaluate the Thomas Kent, Jr., Farm.

Fifth, another assertion of the Petition to Remove is that the dates of significance and dates of importance mentioned in the registration form are estimated and not verified. In the registration form the dates of the brick house, the frame barn, the corn crib, the shed, the garage, and the pond are given as circa 1851, 1850, 1850, 1920, 1928, and 1928 respectively. For many vernacular or rural buildings listed in the National Register, dates of construction must be

estimated because of a lack of written records confirming the exact construction dates. In the bibliography of the registration form for the Thomas Kent, Jr., Farm, it is noted that the dates are derived from an examination of physical evidence and consultation of Kent Farm deeds, tax records, and census records found in the Greene County Courthouse. The dates ascribed to the buildings at the Kent Farm and the defined period of significance are reasonably inferred using accepted methods of historical research.

Sixth, the Petition to Remove asserts that it was in error to have listed in the National Register of Historic Places the 102 acres owned by the property owners, because the 102 acres were combined by purchasing four separate parcels of land.

The 102 acres listed in the National Register of Historic Places as the Thomas Kent, Jr., Farm, were part of the original 300-acre farm purchased by Thomas Kent, Jr. in 1820. The farm is composed of a main complex of buildings, open fields still actively cultivated, a pond, farm lanes, manure wood lots, and springs. The current owners of the farm have reunited land that was historically associated and later divided. The 102 acres include the core of the farm established by Thomas Kent, Jr., and adequately convey the local historic and architectural importance of the Thomas Kent, Jr., Farm.

I note that on page 2 of the Petition to Remove it is stated that the Thomas Kent, Jr., Farm is classified on the registration form as "buildings," and not as a "site." The petition does not explain why this distinction is raised. The National Historic Preservation Act of 1966, as amended, recognizes five property types which can be listed in the National Register: buildings, structures, objects, districts, and sites. Guidance on preparing National Register registration forms directs that only one category of property can be selected. Under the definitions of the five property types, farms are usually categorized as either buildings or a district, rather than a site.

After careful review of the full record in this case, I have determined that the Thomas Kent, Jr. Farm does meet the National Register criteria for evaluation, that no new information was presented that showed that the property does not meet the National Register criteria for evaluation, and that there was no error in professional judgement as to whether the property meets the criteria for evaluation. Therefore the property will not be removed from listing in the National Register under 36 CFR 60.15(a)(2) or 36 CFR 60.15(a)(3).

However, the Petition to Remove also asserts that procedural error was committed during the nomination and listing process of the Thomas Kent, Jr., Farm. Petitioners state that owners of the Thomas Kent, Jr. Farm were not notified of the State's intention to nominate in accordance with 36 CFR Part 60. After careful review of the full record in this case, it appears that there exists a serious question as to whether the procedures of 36 CFR Part 60 were followed and all owners of the Thomas Kent, Jr. Farm were notified in accordance with 36 CFR Part 60. For this reason, I have determined that in this case, based on these circumstances, the property should be removed from the National Register in accordance with 36 CFR 60.15(a)(4).

Please let us know if you have any questions concerning this decision. As Department of the Interior regulations state, the decision of the Keeper of the National Register is the final

administrative decision regarding petitions to remove properties from the National Register.

Sincerely,

*Carol D. Shull*

Carol D. Shull
Keeper of the National Register of Historic Places
National Register, History and Education


cc:

PA SHPO

Richard S. Ehmann
Attorney at Law
7031 Penn Avenue
Pittsburgh, PA 15208-2407

Laurine and Murray Williams
280 Laurel Run Road
Waynesburg, PA 15370

Michael G. Young
Director of Regulatory Affairs
Pennsylvania Coal Association
212 North Third Street, Suite 102
Harrisburg, PA 17101